

Eileen W. Hollowell, Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JOSE BLANCO and | ) | Case No. 4:10-bk-34085-EWH |
| RAMONA BLANCO, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JOSE BLANCO and | ) | Case No. 4:11-ap-01812-EWH |
| RAMONA BLANCO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BENEFICIAL MORTGAGE CO. OF | ) | |
| ARIZONA, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM DECISION** |

## I. INTRODUCTION

Jose and Ramona Blanco ("Plaintiffs") seek recovery of damages for actions committed by Beneficial Mortgage Company of Arizona ("Defendant") which Plaintiffs allege constitute a willful violation of the bankruptcy discharge injunction. The Court agrees with Plaintiff and will allow recovery of certain fees for the reasons explained in the balance of this decision.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiffs filed a Chapter 7 voluntary petition on October 22, 2010. Plaintiffs appeared pro se and entered into a reaffirmation agreement ("the Original Reaffirmation Agreement") with Defendant, which holds a purchase-money security interest in Plaintiffs' residence. Defendant prepared the terms of the Original Reaffirmation Agreement without any input from Plaintiffs, and it explained those terms in a letter to Plaintiffs dated November 17, 2010: Plaintiffs would reaffirm the outstanding loan amount, $145,568.68, and pay it off at an interest rate of 5.25%, which represented a modification from the original interest rate of 10.29%. The letter stated that Plaintiffs would pay $437.37 per month for 283 months.

Jose Blanco ("Mr. Blanco") signed the Original Reaffirmation Agreement on November 23, 2010. Defendant signed it on November 30, 2010 and filed it[2] with the Court on the same day. The Court held a hearing on the Original Reaffirmation Agreement on January 11, 2011, and Plaintiffs were discharged on February 24, 2011.

In March 2011, after the entry of Plaintiff's discharge, Defendant requested that Plaintiffs sign an amended reaffirmation agreement ("the Second Reaffirmation Agreement") which increased the total amount reaffirmed to $150,137.25 and nearly doubled the monthly payment to $863.35. Both Plaintiffs signed the Second Reaffirmation Agreement and filed it with the Court on March 4, 2011.

The Court entered an Order on March 21, 2011 ("the Reaffirmation Order") which approved the Original Reaffirmation Agreement and rejected the Second Reaffirmation

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] Notwithstanding that § 524(c)(6)(B) does not require court approval of a reaffirmation agreement between a pro se party and a creditor whose consumer debt is secured by real property, Defendant filed the Reaffirmation Agreement with the Court and triggered a hearing under § 524(d).

2

Agreement because it was entered into by the parties after Plaintiffs' discharge. The Court also directed Defendant to file terms of a loan modification reflected in the Original Reaffirmation Agreement. Defendant failed to abide by the Reaffirmation Order—it did not produce the loan-modification terms, it did not credit Plaintiffs' account with monthly mortgage payments remitted in accordance with the Original Reaffirmation Agreement, and it continually sought to enforce the terms of the Second Reaffirmation Agreement by making phone calls and sending letters to Plaintiffs.

After several months of these collection efforts, Plaintiffs retained counsel and filed a complaint ("the Complaint") on October 5, 2011 which alleged that Defendant's conduct constituted contempt of a court order, violation of the discharge injunction, and breach of the Original Reaffirmation Agreement. Plaintiffs sought a temporary restraining order and injunction ordering Defendant to abide by the Original Reaffirmation Agreement, cease any efforts seeking to collect amounts due under the Second Reaffirmation Agreement, provide an accounting of the mortgage loan ("the Loan") balance, and recalculate the amount due on the Loan in accordance with the Original Reaffirmation Agreement. Plaintiffs also requested compensatory damages, punitive damages, and attorney's fees for the time spent attending to Defendant's collection efforts and the emotional and physical harm it caused.

At a hearing on November 2, 2011, the parties stipulated that Defendant would not pursue any collections or take steps toward foreclosure unless authorized by the Court. Defendant argued that the terms of the Original Reaffirmation Agreement reflected a clerical error and asked the Court for leave to file a Motion for Relief from Judgment ("the Motion") that would request that the Court declare the Second

3

Reaffirmation Agreement valid and enforceable. The Court permitted Defendant to file the Motion and ordered that Defendant provide an accounting of Plaintiffs' tendered mortgage payments under the Original Reaffirmation Agreement.

Defendant filed the Motion on December 12, 2011. At a hearing on the matter held February 2, 2012, the Court denied the Motion, ruling that any error in the Original Reaffirmation Agreement was not the product of clerical mistake. An order to that effect, entered on February 28, 2012, further provided that the Original Reaffirmation Agreement was enforceable and binding on the parties.

The Court held an evidentiary hearing on November 9, 2012 to address the remaining issue—whether Defendant willfully violated Plaintiffs' discharge injunction and Court orders. Defendant's counsel elected to appear by telephone and did not put on evidence or cross examine Plaintiffs' witnesses.[3] Plaintiff submitted a number of exhibits, including the Original and Second Reaffirmation Agreements, Loan billing statements, internal records maintained by Defendant, and Defendant's correspondence with Plaintiffs.

Plaintiffs testified individually and called their daughter ("Daughter"), who assisted them through the reaffirmation process, to testify about her interaction with Defendant.[4] Plaintiffs both claimed that Defendant's actions had caused them emotional distress—Mr. Blanco testified that he had experienced problems sleeping and anxiety at work due to the emotional strain; Ramona Blanco ("Mrs. Blanco") said that she had to take an increased dosage of anxiety medication. Daughter testified that she had lost

---

[3] The Court conditioned Defendant's counsel's telephonic appearance on counsel not participating in the evidentiary portion of the hearing but did permit counsel to present oral argument at the conclusion of the hearing.

[4] Plaintiffs' abilities to speak English are limited. Therefore, Daughter primarily interacted with Defendant.

4

hours of work time while on the phone wrangling with Defendant, and that Defendant had caused both Plaintiffs to experience anxiety, emotional anguish, and diminished health. No medical records were offered into evidence regarding Plaintiffs' emotional distress. Nor did Plaintiffs introduce records documenting Daughter's lost time at work.

### III. ISSUE

Did Defendant willfully violate the discharge injunction?

### IV. JURIDICTIONAL STATEMENT

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

### V. DISCUSSION

A.  Willful Violation of the Discharge Injunction

Section 524 of the bankruptcy code provides that discharge "operates as an injunction against the commencement or continuation of" any action to collect, recover, or offset any discharged debt "as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "A party [that] knowingly violates the discharge injunction can be held in contempt under [S]ection 105(a) of the bankruptcy code." ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.), 450 F.3d 996, 1007 (9th Cir. 2006). The party seeking contempt sanctions "has the burden of proving, by clear and convincing evidence, that the sanctions are justified," and must demonstrate two elements: (1) the creditor knew the discharge injunction was applicable; and (2) the creditor intended the actions which violated the injunction. Id. (internal quotation omitted). "…[T]he focus of the court's inquiry in contempt proceedings under § 105(a) is not on the subjective belief or intent of the offending creditor in complying with the injunction but on whether, in fact, the creditor's conduct complied with the injunction at issue." In re Moreno, 479 B.R. 553, 570 (Bankr.

5

Case 4:11-ap-01812-EWH    Doc 55    Filed 01/09/13    Entered 01/10/13 08:11:18    Desc
Main Document - Minute Entry    Page 5 of 8

E.D. Cal. 2012) (citing Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003)).

Plaintiffs entered into the Original Reaffirmation Agreement with Defendant pursuant to § 524(d) and then received a discharge. Despite longstanding Ninth Circuit law that post-discharge reaffirmation agreements are unenforceable,[5] Defendant vigorously sought to enter into and enforce the Second Reaffirmation Agreement. Based on the evidence, there is no question that Defendant knew about the discharge and nevertheless pursued its collection effort. This evidence satisfies the two prongs of the ZiLOG test, and the Court finds that Defendant willfully violated the discharge injunction.

B.  Remedies

Plaintiffs have requested that the Court award them actual damages, punitive damages, and attorneys' fees. All three are available in this case under Nash v. Clark Cnty. Dist. Attorney's Office (In re Nash), 464 B.R. 874, 880 (9th Cir. BAP 2012) (citing Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1205 n.7 (9th Cir. 2008)) ("[i]f a bankruptcy court finds that a party has willfully violated the discharge injunction, the court may award actual damages, punitive damages and attorney's fees to the debtor.") However, Plaintiffs failed to provide adequate evidence regarding the amount of their damages other than the fees, including attorney's fees, which they incurred as a result of Defendant's post-discharge misfeasance.

In particular, Plaintiffs' evidence of emotional distress was very vague. Mr. Blanco testified that Defendant's conduct caused him to suffer a lack of sleep and general anxiety, but he did not testify that he had lost income or incurred expenses as a

---

[5] Bankr. Receivables Mgmt. v. Lopez (In re Lopez), 345 F.3d 701, 707-09 (9th Cir. 2003)

6

Case 4:11-ap-01812-EWH    Doc 55    Filed 01/09/13    Entered 01/10/13 08:11:18    Desc
Main Document - Minute Entry    Page 6 of 8

result of those conditions. Mrs. Blanco testified that Defendant's conduct exacerbated an existing anxiety disorder, but no evidence was presented from which the Court could determine how severely the extant condition worsened. The evidence did demonstrate that Daughter spent hours on the phone with Defendant trying to resolve the reaffirmation problems, but it did not provide an hourly rate of Daughter's employment from which the Court could calculate a damages award.

Punitive damages cannot be awarded based on this record, either. While punitive damages may be awarded when a creditor willfully violates the discharge injunction, Dyer, 322 F.3d 1178, the appropriate punitive sanctions are limited to civil penalties designed to provide compensation or coerce compliance. Id. at 1192. As explained previously, Plaintiffs have not provided enough evidence for the Court to calculate a specific compensatory remedy, and the record does not reflect that Defendant's actions were so flagrant that a "relatively mild non-compensatory fine[]" is warranted. Id. (internal quotation marks omitted).

The evidence introduced at trial, along with the record, does entitle Plaintiffs to recover for their attorney's fees and costs, along with any other costs they may have incurred, either in the form of charges wrongfully assessed under the Original Reaffirmation Agreement or the mailing and copying costs necessitated by communicating with Defendant. Not only is this award aligned with common practice in the Ninth Circuit,[6] but it also is merited because Plaintiffs were forced to retain counsel when Defendant failed to abide by the Original Reaffirmation Agreement.

---

[6] Moreno, 479 B.R. at 570.

7

## VI. CONCLUSION

Defendant willfully violated the discharge injunction by pursuing Plaintiffs and insisting upon post-discharge execution of the Second Reaffirmation Agreement. Defendant then attempted to enforce it so aggressively that Plaintiffs had to retain counsel in order to stop Defendant's unlawful conduct. Therefore, Plaintiffs are directed to file and serve on Defendant within 21 days a detailed statement of their allowed damages. Defendant shall have 10 days to file any objection to the amount. Thereafter, the Court will issue a judgment awarding Plaintiffs their damages.

Dated and signed above.

Notice to be sent through
the Bankruptcy Noticing Center
to the following:

Jose Blanco
Ramona Blanco
2233 E. Dakota St.
Tucson, AZ 85706

German Yusufov
Yusufov Law Firm, PLLC
515 E. Broadway Blvd., Ste. 1600
Tucson, AZ 85711

Beneficial Mortgage Co. of Arizona
c/o the Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Joseph D. Dorsey
Leonard J. McDonald
Tiffany & Bosco
2525 E. Camelback Rd., 3rd Fl.
Phoenix, AZ 85016