ORDERED.

Dated: July 8, 2013



Eileen W. Hollowell, Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JOSE BLANCO and<br>RAMONA BLANCO,<br><br>　　　　Debtors.<br>_____<br><br>JOSE BLANCO and<br>RAMONA BLANCO,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BENEFICIAL MORTGAGE CO. OF<br>ARIZONA,<br><br>　　　　Defendant.<br>_____ | Chapter 7<br><br>Case No. 4:10-bk-34085-EWH<br><br><br><br><br><br><br>Case No. 4:11-ap-01812-EWH<br><br><br><br><br><br>**MEMORANDUM DECISION** |

## I. <u>INTRODUCTION</u>

Debtors have appealed a memorandum decision issued in this adversary which held that the Debtors were entitled to attorneys' fees but not actual and punitive damages. Notwithstanding their appeal, Debtors argue that the Court retains jurisdiction

to award a money judgment for their attorneys' fees. The Court disagrees for the reasons explained in the balance of this memorandum.

## II. **PROCEDURAL HISTORY**

In October 2011, Debtors filed their complaint ("Complaint") against Beneficial Mortgage Company of Arizona ("Beneficial"). The Complaint alleged that Beneficial violated Court orders and the discharge injunction when, post-discharge, it sought to enforce a non-court approved amended reaffirmation agreement ("Amended Agreement") regarding Debtors' mortgage with Beneficial. The Complaint sought an award of actual damages for Debtors' emotional distress, punitive damages, and entry of any injunction to enforce the original reaffirmation agreement ("Original Agreement"), which was entered into and Court approved prior to Debtors' discharge.[1] An order granting a preliminary injunction was entered on November 4, 2011.

In December 2011, Beneficial filed a motion for relief from judgment ("MRJ") to be relieved from the order approving the Original Agreement because the $437.37 monthly payment in the Original Agreement was the result of Beneficial's mathematical error. According to Beneficial, the monthly payment should have been $898.00. The MRJ was denied in February 2012.

After a number of continuances, at the parties' request, a trial was held in November 2012 on whether Beneficial had willfully violated the discharge injunction and court orders, including the order approving the Original Agreement.

On January 9, 2013, a Memorandum Decision ("Memorandum") was entered in favor of Debtors on the claim of willful violation of the discharge, but holding that only

---

[1] Beneficial prepared the Original Agreement. Debtors were unrepresented when they signed the Original Agreement.

2

Debtors' claims for attorneys' fees could be awarded as damages. The Memorandum found there was insufficient evidence to support an award of actual or punitive damages.

The Memorandum provided that a judgment would be entered for attorneys' fees after Debtors filed a detailed fee statement ("Fee Statement"). The Memorandum set a 21-day deadline for Debtors to file the Fee Statement. Because the Fee Statement remained to be filed and allowed, no judgment was entered on January 9, 2013.

On January 23, 2013, Debtors filed a motion under Rule 9023 to alter or amend judgment seeking to amend the "Order" of January 9, 2013, arguing that the Court had misapplied the law in its determination that there was insufficient evidence to support an award of actual damages for emotional distress and punitive damages. On February 20, 2013, an order ("February 20th Order") was entered denying the Debtors' reconsideration motion. Neither the pleadings nor the February 20th Order made any reference to the fact that no judgment had been entered on the Complaint or that the Debtors' Fee Statement had not been filed within the 21-day deadline.[2]

On March 13, 2013, almost a month and a half after the Fee Statement deadline, the Debtors filed a "Statement of Damages." On that same date, the Debtors filed a Notice of Appeal ("Appeal") from the "judgment, order or decree" entered on January 9, 2013, i.e. the Memorandum.[3]

On May 13, 2013, a hearing was held on Debtors' Statement of Damages, to which Beneficial had objected. At that hearing, the Court *sua sponte* raised the question

---

[2] The deadline was January 30, 2013.

[3] This decision assumes the Memorandum is an appealable order under Rule 7058, but determination of that question is for the appellate court because it is a question of that court's jurisdiction.

3

of whether it retained jurisdiction to decide the issue because of the Appeal. The parties were ordered to file simultaneous briefs on that question. The briefs were timely filed. Accordingly, the matter now is ready for decision.

### III. ISSUES

Does the Appeal divest the Court of jurisdiction to determine the amount of Debtors' damages for attorneys' fees?

### IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1334(a) and 157(b)(2)(A).

### V. DISCUSSION

"The timely filing of a notice of appeal to either a district court or bankruptcy appellate panel will typically divest a bankruptcy court of jurisdiction over those aspects of the case involved in the appeal." Sherman v. SEC (In re Sherman), 491 F.3d 948, 967 (9th Cir. 2007) (citing Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1190 (9th Cir. 2000); 10 COLLIER ON BANKRUPTCY ¶ 8001.04 (15th ed. 2006)) (internal quotation omitted). Where an appeal has been made, "the bankruptcy court retains jurisdiction over all other matters that it must undertake 'to implement or enforce the judgment or order,' although it 'may not alter or expand upon the judgment.'" Sherman, 491 F.3d at 967 (quoting Padilla, 222 F.3d at 1190).

Debtors argue that entering the award for fees provided for by the Memorandum is an act of enforcement still within this Court's jurisdiction. However, the fees which Debtors seek to collect are related to the substance of the Appeal. Because the outcome of the Appeal may alter the Court's prior ruling, the Court finds that it has been divested of jurisdiction to proceed with implementation of only a portion of the

4

Memorandum. Even if it were possible to partially implement the Memorandum, judicial economy would not be served by having only one part of the Memorandum reduced to judgment. If Debtors succeed on the Appeal, the Court will then have to determine the amount of their actual and punitive damages, as well as their claim for additional attorneys' fees incurred in the Appeal. Such a piecemeal, time-consuming process is not cost effective for the Court or the parties.

## VI. CONCLUSION

For all the above-stated reasons, the Court finds that it is divested of jurisdiction over all matters in this adversary until the Appeal is decided.

Dated and signed above.

Notice to be sent through
the Bankruptcy Noticing Center
to the following:

Jose Blanco
Ramona Blanco
2233 E. Dakota St.
Tucson, AZ 85706

German Yusufov
Yusufov Law Firm, PLLC
515 E. Broadway Blvd., Ste. 1600
Tucson, AZ 85711

Beneficial Mortgage Co. of Arizona
c/o the Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Joseph D. Dorsey
Leonard J. McDonald
Tiffany & Bosco
2525 E. Camelback Rd., 3rd Fl.
Phoenix, AZ 85016